UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:16-CR-96-TAV-CRW-7 |
| JERRY RAYMOND BORUM, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion [Doc. 429] for a reduction of his sentence based on post-sentencing rehabilitation. In 2017, defendant pled guilty to conspiring to distribute and possessing with intent to distribute 100 kilograms or more of a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) in addition to money laundering in violation of 18 U.S.C. § 1956 [Doc. 194]. Defendant was sentenced to 120 months' imprisonment to be followed by eight years of supervised release, in accordance with the mandatory minimums for the statutes of conviction which defendant acknowledged and initialed in his plea agreement [Docs. 194, 318]. Defendant now asks if he is eligible for a sentence reduction.

Defendant states he has accepted responsibility for his actions and believes in paying his debt to society [Doc. 429]. Upon being incarcerated, he says he was told to find a "compelling" reason to overcome his addiction and found his compelling reason in his six-year-old son. The Court interprets his motion as a request for a reduction based on his post-sentencing rehabilitation.

However, "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting United States v. Curry, 606 F.3d 323, 326 (6th Cir. 2010). Though defendant mentions a new marijuana law in January 2020, the Court is unaware of any statutory authority that may affect defendant's case at this time. Post-sentencing rehabilitation alone does not provide a basis for reduction. To the extent that defendant asks generalized questions about his case, the Court notes it is not permitted to give legal advice. E.D. Tenn. L.R. 77.1.

Though the Court commends defendant for his efforts at rehabilitation and recovery from addiction, defendant has not identified a basis for a sentence reduction. Accordingly, defendant's motion [Doc. 429] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE